## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Fernando D. FERNANDEZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civ. No. 3:23-cv-00147-TMR-CHG |
| | § | |
| ANTONY J. BLINKEN, | § | |
| United States Secretary of State, | § | |
| *Defendant.* | § | |
| | § | |

### STIPULATED PROTECTIVE ORDER

During the pendency of discovery, Defendant Antony J. Blinken, U.S. Secretary of State,

("Defendant"), and Plaintiff, Fernando D. Fernandez, (collectively, hereafter "the Parties")

anticipate the production of documents (including video and/or photographs) containing

identifying information relating to third parties not participating in this lawsuit. This identifying

information is contained within various agency records and databases, some of which are in the

possession, custody, and control of Defendant and Defendant's counsel. Defendant agrees to

produce to Plaintiff unredacted records relating to Plaintiff, and (where appropriate and allowable

by law) third-parties, subject to entry of the following protective order, in accordance with the

Privacy Act of 1974, 5 U.S.C. § 552a, to which the Parties have stipulated.

WHEREFORE, at the request of counsel for the Parties:

IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act Protective

Order, pursuant to 5 U.S.C. § 552a(b)(11), Defendant is authorized to release to counsel for

Plaintiff, and the Court in this case, discovery containing unredacted identifying information of

third-parties, without obtaining prior written consent of third parties whose names, addresses, birth

1

dates, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. The Parties agree that the terms of this Protective Order will govern the entirety of any file, including but not limited to alien registration file, any law enforcement report, or any other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

2. To the extent that any documents or records to be provided by the federal government contain third-party names, addresses, birth dates, or any other identifying information (*i.e.*, information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this Protective Order. All such Privacy Act information is subject to this Protective Order and may be used solely for purposes of this litigation.

3. Counsel for Defendant Blinken shall designate documents containing confidential information as confidential by placing the word "COVERED BY PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

PROTECTED

THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN *FERNANDO D. FERNANDEZ v. ANTONY J. BLINKEN (3:23-cv-00147)*. THIS DOCUMENT/VIDEO/DIGITAL RECORD AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

   A. Counsel for Plaintiff, Plaintiff, counsel for Defendant, Defendant and/or its agents, and any support staff of such counsel assisting in this action;

   B. The Court and its personnel;

   C. Court reporters, translators, and other litigation support personnel

   D. Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order;

   E. Expert witnesses or consultants retained by Plaintiff or Defendant;

   F. The author of the document or the original source of the information; and

   G. Any Court of Appeals and its personnel, in the event of an appeal.

5. Redactions permitted. Nothing, however, in this Stipulated Protective Order shall be deemed to preclude the parties from redacting from documents subject to this Order, where applicable, information protected by (a) attorney-work product, trial preparation material, or the attorney-client privilege; (b) deliberative process privilege; (c) the governmental privilege against disclosure of information which could threaten the lives and safety of governmental personnel and their families, interfere with open investigations or prosecutions, or reveal confidential law enforcement techniques or confidential sources; or (d) any other applicable privilege. Nothing in this Stipulated Protective Order shall be deemed to preclude the parties from redacting from documents subject to this Order, where applicable, information relating to law enforcement deliberations and information about individuals not a party to this litigation and that are unrelated to the issues in this litigation.

3

6.  Upon the signing of this Order by the Court, redactions made by counsel, if any, to the documents marked "COVERED BY PROTECTIVE ORDER" will not be made for the purpose of protecting the privacy of third parties who may be identified in the discovered material. Plaintiff reserves the right to file a motion to compel for any redacted information.

7.  All persons listed in Paragraph 4(A) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(B)-(G) above, any confidential information, except as provided in this Protective Order.

8.  All persons listed in Paragraphs 4(D) and (E) above, to whom identifying information is disclosed, shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for the Plaintiff or counsel for the Defendant.

9.  This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file records with the Court that have been designated as "COVERED BY PROTECTIVE ORDER" shall coordinate with the designating party (if not the filing party) to provide to the Court, either by motion or proposed stipulated order, the parties' positions regarding sealing, including:

    i.      the authority asserted for sealing, including the moving parties' memorandum in support;

    ii.     an identification and description of each item proposed for sealing;

    iii.    the parties' position on whether the record should be sealed;

iv.     the parties' position on whether means other than sealing are unavailable or unsatisfactory to preserve the interest advanced by the movant in support of sealing; and

v.      if there is any opposition, the non-moving party will also file a memorandum opposing the motion to seal.

The designating party shall have the responsibility of establishing that sealing is necessary. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or entered the proposed stipulated order required by this section. Neither their stipulation to entry of this Order nor the fact that a party has not challenged the designation of the information sought to be filed under seal as "COVERED BY PROTECTIVE ORDER" shall be construed as agreement that such documents are properly considered "COVERED BY PROTECTIVE ORDER", as consent to filing such material under seal or as a waiver of that party's ability to object to sealing. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (finding that there is a "stark difference between so called protective orders entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. . . . Secrecy is fine at the discovery stage, before the material enters the judicial record. Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of good cause. These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection." (quotations and citations omitted)).

10. Due to the highly sensitive nature of information regarding third-parties that may be produced by Defendant, such protected documents or information shall not be used to contact or attempt

to contact third-parties named in the redacted documents for any purpose, absent the express authorization of the undersigned counsel.

11. Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be held to have waived any rights by such inadvertent disclosure. Any document or information so produced and subject to a subsequent claim of privilege, work product or other protection, including protection under this Protective Order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) Order of the Court; nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

12. Within thirty (30) days of the conclusion of this litigation, including any appeals, counsel for Plaintiff shall collect all documents produced pursuant to this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Defendant pursuant to the terms of this Protective Order. Alternatively, counsel for Plaintiff and counsel for Defendant shall destroy said documents by shredding them and provide counsel for Defendant with verification of destruction within thirty (30) days of the conclusion of this litigation, including any appeals.

13. Agreement to this Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

14. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

15. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

16. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

17. This Order shall be binding upon any present and future party to the *FERNANDO D. FERNANDEZ v. ANTONY J. BLINKEN (3:23-cv-00147)* litigation.

18. This Order shall be effective and enforceable upon its signature by counsel and by the Court.

Signed this 10th day of January, 2024.

_s/ Caroline H. Gentry_____
Caroline H. Gentry
United States Magistrate Judge

Approved:

*/s/ Catha N. Lyons (w/ Permission)*
Attorney-in-charge, Plaintiff                   Date: January 5, 2024

*/s/ Cara E. Alsterberg___*
Attorney-in-charge, Defendant                   Date: January 5, 2024

7